UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

OCT 21 2013

RECEIVED

No. _____

2013 OCT 21  PM 5: 28

FILING DEPOSITORY

# In the United States Court of Appeals for the District of Columbia Circuit

IN RE TOM G. PALMER, AMY MCVEY, EDWARD RAYMOND,
GEORGE LYON, AND SECOND AMENDMENT FOUNDATION, INC.,

Petitioners.

On Petition for a Writ of Mandamus to the
United States District Court for the District of Columbia
(Dist. Court Case No. 09-CV-1482)

## PETITION FOR A WRIT OF MANDAMUS

Alan Gura
GURA & POSSESSKY, PLLC
101 N. Columbus Street
Suite 405
Alexandria, VA 22314
703.835.9085/703.997.7665

October 21, 2013                 *Counsel for Petitioners*

# TABLE OF CONTENTS

Table of Authorities........................................ iii

Relief Sought.............................................. 1

Introduction............................................... 1

Issue Presented............................................ 3

Statement of Facts......................................... 3

    1.    *The Regulatory Regime*.............................. 3

    2.    *Respondents' Enforcement Against Petitioners*............ 5

    3.    *The Litigation Below—and the District Court's Failure to Timely Resolve It.* ......................... 6

    4.    *The Relative Progress of Other Cases.* ................ 10

Reasons Why the Writ Should Issue. .......................... 14

    I.    In Aid of Its Appellate Jurisdiction, this Court is Empowered to Compel the District Court to Decide Excessively Delayed Cases........................... 14

    II.    Petitioners Amply Satisfy All Factors Considered In Issuing Writs of Mandamus........................ 16

        A.    Petitioners Are Entitled To Relief Under the Supervisory Mandamus Standards............... 16

            1.    *Petitioners Lack Relief on Appeal*............ 17

            2.    *Petitioners Are Harmed in a Manner Not Correctable on Appeal.*.................... 17

3.    *The District Court Is Abusing Its Discretion.* . . . 18

4.    *The Fourth and Fifth Supervisory Mandamus Factors Are Not Implicated.* . . . . . . . . . . . . . . . . 19

B.    Petitioners Are Entitled to Relief Under the General Mandamus Standards. . . . . . . . . . . . . . . . . 20

1.    *Rule of Reason.* . . . . : . . . . . . . . . . . . . . . . . . . 21

2.    *Congressional Expectation of Speedy Resolution.* . . . . . . . . . . . . . . . . . . . . . . . . . . 22

3.    *Human Health and Welfare At Stake.* . . . . . . . . 22

4.    *Effect on Higher or Competing Court Priorities.* . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

5.    *The Nature and Extent of Interests Injured By Delay.* . . . . . . . . . . . . . . . . . . . . . . 23

6.    *The Court Need Not Find Any "Lurking Impropriety"* . . . . . . . . . . . . . . . . . . . . 23

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

ADDENDUM

Certificate as to Parties, Rulings, and Related Cases. . . . .  Addendum 1

Corporate Disclosure Statement. . . . . . . . . . . . . . . . . . . .  Addendum 2

District Court Docket. . . . . . . . . . . . . . . . . . . . . . . . . . . .  Addendum 3

## TABLE OF AUTHORITIES

Cases

*Adams* v. *United States*,
   D.D.C. No. 10-CV-1646. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bateman* v. *Perdue*,
   881 F. Supp. 2d 709 (E.D.N.C. 2012) . . . . . . . . . . . . . . . . . . . . . 19

*Center for Biological Diversity* v. *EPA*,
   D.D.C. No. 10-CV-985. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cheney* v. *U.S. Dist. Ct. for the Dist. of Columbia*,
   542 U.S. 367 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*District of Columbia* v. *Heller*,
   554 U.S. 570 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ex Parte Bradstreet*,
   32 U.S. (7 Pet.) 634 (1833). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ex Parte Crane*,
   30 U.S. (5 Pet.) 190 (1831). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Ezell* v. *City of Chicago*,
   651 F.3d 684 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Heller* v. *District of Columbia*,
   670 F.3d 1244 (D.C. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Am. Rivers & Idaho Rivers United*,
   372 F.3d 413 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Authorities upon which we chiefly rely are marked with asterisks.

*In re Bituminous Coal Operators' Ass'n,
      949 F.2d 1165 (D.C. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . 15, 16

In re Core Communs., Inc.,
      531 F.3d 849 (D.C. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

In re People's Mojahedin Org. of Iran,
      680 F.3d 832 (D.C. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 22

In re Potomac Elec. Power Co. v. ICC,
      702 F.2d 1026 (D.C. Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . 22

In re United States,
      1991 U.S. App. LEXIS 2178 (D.C. Cir. Feb. 11, 1991). . . . . . . . . 20

In re United States,
      598 F.2d 233 (D.C. Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Insurance Co. v. Comstock,
      83 U.S. (16 Wall.) 258 (1873). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Johnson v. Rogers,
      917 F.2d 1283 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 16

Jordan-Sagastume v. Dept. of Homeland Security,
      D.D.C. No. 08-CV-77. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Khalid v. Citizenship & Immigration Svcs.,
      D.D.C. No. 09-CV-96 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

La Buy v. Howes Leather Co.,
      352 U.S. 249 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Lurensky v. Kelliher,
      D.D.C. No. 08-CV-1199 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

iv

*Madigan* v. *Moore*,
   No. 12A1053 (U.S. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

\*McClellan* v. *Carland*,
   217 U.S. 268 (1910). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*McDonald* v. *City of Chicago*,
   130 S. Ct. 3020 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*MCI Telecommunications Corp.* v. *FCC*,
   627 F.2d 322 (D.C. Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Minnick* v. *Carlile*,
   D.D.C. No. 10-2109.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

\*Moore* v. *Madigan*,
   702 F.3d 933 (7th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . 13, 19

*Moore* v. *Madigan*,
   842 F. Supp. 2d 1092 (C.D. Ill. 2012). . . . . . . . . . . . . . . . . . . . 12

*Moore* v. *Madigan*,
   C.D. Ill. No. 3:11-CV-3134-SEM-BGC.. . . . . . . . . . . . . . . . . . . . 12

\*Nat'l Ass'n of Crim. Def. Lawyers* v. *United States DOJ*,
   182 F.3d 981 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Parker* v. *District of Columbia*,
   478 F.3d 370 (D.C. Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Peter B.* v. *Central Intelligence Agency*,
   D.D.C. No. 06-CV-1652. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Roche* v. *Evaporated Milk Ass'n*,
   319 U.S. 21 (1943). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

v

*Shepard* v. *Madigan*,
    862 F. Supp. 2d 774 (S.D. Ill. 2012)........................ 12

*Shepard* v. *Madigan*,
    S.D. Ill. No. 3:11-CV-405-WDS-PMF........................ 12

\**Telecommunications Research & Action Center* v. *FCC*,
    750 F.2d 70 (D.C. Cir. 1984) ...................... 15, 20-22

*Thermtron Prods.* v. *Hermansdorfer*,
    423 U.S. 336 (1976) ................................... 16

*Tolbert-Smith* v. *Bodman*,
    D.D.C. No. 06-1216................................... 11

*Webster* v. *Dept. of Justice*,
    D.D.C. No. 02-CV-603. ................................ 11

\**Will* v. *Calvert Fire Ins. Co.*,
    437 U.S. 655 (1978) .................................. 16

*Zukowski* v. *Howard, Needles, Tammen, & Bergendoff*,
    115 F.R.D. 53 (D. Colo. 1987). ......................... 18

## Constitutional Provisions

U.S. Const. amend. II...................................... 7

U.S. Const. amend. V...................................... 7

## Statutes and Rules

28 U.S.C. § 1651.......................................... 1

28 U.S.C. § 1657(a)..................................... 1, 19

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

D.C. Code § 22-3571.01(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.C. Code § 22-4504(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.C. Code § 22-4504(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.01(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.C. Code § 7-2502.02(a)(4)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. Proc. 56(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Sup. Ct. R. 13.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Other Authorities

D.C. Metropolitan Police Dep't  Application for
     Firearms Registration Certificate, available at
     http://mpdc.dc.gov/sites/default/files/dc/sites/
     mpdc/service_content/attachments/ PD-219%20
     Firearms %20Registration%20Application
     %28Rev0613%29_fillable.pdf (last visited
     October 18, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.C. Metropolitan Police Dep't, Firearm Registration:
     Complete Registration Procedures, available at
     http://mpdc.dc.gov/page/firearm-registration-
     complete-registration-procedures (last visited
     October 18, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## PETITION FOR WRIT OF MANDAMUS

### RELIEF SOUGHT

Pursuant to 28 U.S.C. § 1651, Tom G. Palmer, Amy McVey, George Lyon, Edward Raymond, and Second Amendment Foundation, Inc. ("SAF") respectfully petition this Court to issue a writ of mandamus in aid of its appellate jurisdiction, directing the United States District Court for the District of Columbia to decide forthwith, within seven days, the cross-dispositive motions pending since 2009 in Petitioners' case below, *Palmer* v. *District of Columbia*, No. 09-1482.

### INTRODUCTION

Petitioners do not lightly file this pleading, fully recognizing that a writ of mandamus is an extraordinary remedy. Respectfully, the facts underlying this petition are extreme.

Petitioners' case, seeking vindication of fundamental constitutional rights, is designated for priority disposition per 28 U.S.C. § 1657(a). But the case is sailing well into its fifth year without resolution. The essential facts are not disputed. Cross-dispositive motions, presenting the remarkably simple (if controversial) questions of law necessary to decide the case, have been pending, fully briefed, *since 2009*.

1

Over two years have passed since the Chief Justice of the United States reassigned this case in order to expedite its decision.

The judge to whom the case was reassigned in 2011, for the purpose of abating delay, has not resolved the case. Over a full year passed from the time the Chief Justice assigned the judge to the court below so that the case could be decided, and the time the court below reheard argument. Over another year has since passed, without action. Numerous notices of supplemental authority—and an unopposed motion to expedite the decision in the matter—have been ignored.

Similar cases have progressed from district court filing, to decision, to decision on appeal, to resolution of Supreme Court proceedings, in a fraction of the time this case has sat in the district court without resolution of the pending dispositive motions.

The constitutional issues here are serious. Two years after Petitioners brought this case, the only other law of the kind here at issue was challenged in the Illinois federal courts—and struck down by the Seventh Circuit. En banc proceedings in that matter have concluded, and the time to petition for certiorari, twice extended, has expired—all while Petitioners still await district court resolution.

2

Win or lose, Petitioners are entitled to a resolution of this important

case—and to an appeal. Because the district court's failure to decide the

case impedes this Court's appellate jurisdiction, because the delay in

resolving this priority civil rights case is extreme, because no reason

exists to believe an opinion will issue within another four years absent

this Court's intervention, and because Petitioners lack any other

remedy, a writ of mandamus should issue directing the district court to

forthwith produce an appealable order with a sufficiently-elaborated

opinion. Petitioners respectfully submit that seven days would suffice.

## ISSUE PRESENTED

Whether a writ of mandamus should issue directing the district

court to decide a case seeking relief for the violation of fundamental

constitutional rights where the essential facts are not disputed, the

outcome hinges on straightforward questions of law, and cross-

dispositive motions have been pending for over four years.

## STATEMENT OF FACTS

1.     *The Regulatory Regime*

The District of Columbia is the only jurisdiction in the United States

that completely forbids responsible, law-abiding adults from carrying

3

handguns in public for self-defense, in any manner, and under all circumstances. D.C. Code § 22-4504(a). The first violation of this provision by a non-felon, outside one's residence, place of business, or possessed land, is punishable by up to five years' imprisonment and a fine of $12,500. D.C. Code §§ 22-4504(a)(1), 22-3571.01(b)(6).

"[N]o person or organization in the District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm." D.C. Code § 7-2502.01(a). Individuals who are not retired police officers or firearms instructors may only register a handgun "for use in self-defense within that person's home." D.C. Code § 7-2502.02(a)(4)(C). Pursuant to this provision, at the time this litigation was initiated, Respondents-Defendants District of Columbia and its Police Chief, Cathy Lanier, distributed handgun registration application forms requiring applicants to "give a brief statement of your intended use of the firearm and where the firearm will be kept."[1]

---

[1]Today, that form asks applicants to "Give a brief statement of where the firearm will be kept." See D.C. Metropolitan Police Dep't Application for Firearms Registration Certificate, available at http://mpdc.dc.gov/sites/default/files/dc/sites/mpdc/service_content/ attachments/ PD-219%20Firearms%20Registration%20Application

Respondents also require firearm registration applicants to submit "Proof of residency in the District of Columbia (e.g., a valid DC operator's permit, DC vehicle registration card, lease agreement for a residence in the District, the deed to your home, or other legal document showing DC residency)." See D.C. Metropolitan Police Dep't, Firearm Registration: Complete Registration Procedures, available at http://mpdc.dc.gov/page/firearm-registration-complete-registration-proc edures (last visited October 18, 2013).

2.    *Respondents' Enforcement Against Petitioners*

Respondents denied Petitioners Palmer, McVey, and Lyon's handgun registration applications because Petitioners averred that they would carry those handguns in public for self-defense. See Summary Judgment Exhibits A, B, and C, Dist. Ct. Dkt. Nos. 5-9, 5-10, 5-11. Subsequent applications not reflecting that intent were approved, but Petitioners Palmer, McVey, and Lyon still intend to carry handguns in public for self-defense within the District of Columbia, refraining only for fear of criminal liability. See Palmer, McVey, and Lyon Decls., Dist. Ct. Dkts. 4, 5, and 7.

───────────────

%28Rev0613%29_fillable.pdf (last visited October 18, 2013).

Respondents refused to provide Petitioner Raymond an application form to register his handgun on account of his lack of District residence. See Raymond Decl., Dist. Ct. Dkt. No. 5-6. Raymond had previously been arrested and convicted of possessing an unregistered firearm and unregistered ammunition in the District of Columbia. *Id.* He refrains from carrying a handgun in the District of Columbia for self-defense because he fears criminal liability. *Id.*

Petitioner SAF is a non-profit membership organization focused on the defense and promotion of the right to bear arms. SAF's members (including the individual petitioners) are barred by Respondents from carrying handguns for self-defense. See generally Gottlieb Decl., Dist. Ct. Dkt. 5-8.

3.    *The Litigation Below—and the District Court's Failure to Timely Resolve It*

On August 6, 2009, pursuant to 42 U.S.C. § 1983, Petitioners brought their action against Respondents in the court below, seeking declaratory and injunctive relief against Respondents' policies and practices barring the carrying of handguns outside the home and the registration of handguns by non-residents. Petitioners aver that by barring the carrying of handguns for self-defense, by residents and non-

6

residents alike, Respondents violate Petitioners' rights to bear arms, equal protection, and travel. U.S. Const. amends. II, V. The case was assigned to the Hon. Henry H. Kennedy.

On August 29, 2009, Petitioners moved for summary judgment. Respondents cross-moved for summary judgment on September 9, 2009.

*The cross-dispositive motions stood fully briefed on October 6, 2009.*

The basic facts were undisputed. Petitioners claim that the Second Amendment guarantees the right to carry arms outside the home for self-defense. Accordingly, while that right may doubtless be regulated, Petitioners aver that it cannot be completely forbidden. Nor may registration, a necessary prerequisite in the District to carrying handguns, be denied for lack of residence within the city.

Respondents claim that the Second Amendment right is confined to the home. D.C. Motion for Summary Judgment, Dkt. 6, at 2. Respondents also claimed that because the Second Amendment's "core" guarantee is allegedly limited to the home, their prohibitions are "reasonable." D.C. Summary Judgment Br., Dkt. 6, at 15. This Court, however, has since rejected Respondents' claim that "[t]he District's

7

regulation of firearms is subject to 'reasonableness' review," D.C.

Summary Judgment Br., Dkt. 6, at 9. See *Heller* v. *District of Columbia*, 670 F.3d 1244, 1256 (D.C. Cir. 2011) ("*Heller* clearly does reject any kind of 'rational basis' or reasonableness test") (citation omitted).

Similarly, Respondents also claimed that "[t]he Supreme Court has never determined—and did not determine in *Heller*—that the right to bear arms is a 'fundamental right' under the Constitution," D.C. Summary Judgment Br., Dkt. 6, at 11; but see *McDonald* v. *City of Chicago*, 130 S. Ct. 3020 (2010). Predictably, Respondents disagree with Petitioners' equal protection and right to travel claims.

Respondents also "aver that the whole of the District of Columbia should be considered a 'sensitive' place" in which carrying guns for self-defense may be forbidden. D.C. Summary Judgment Br. at 27; but see *Parker* v. *District of Columbia*, 478 F.3d 370, 395 (D.C. Cir. 2007) ("the Supreme Court has unambiguously held that the Constitution and Bill of Rights are in effect in the District") (citations omitted), *aff'd sub nom*. *District of Columbia* v. *Heller*, 554 U.S. 570 (2008).

Judge Kennedy heard argument on the parties' motions on January 22, 2010. But he issued no ruling.

Indeed, nothing happened until July 1, 2011, when the Chief Justice of the United States, acting at the request of this Court's Chief Judge, assigned the Hon. Frederick J. Scullin, Jr., a Senior District Judge of the Northern District of New York, to the court below, for the purpose of advancing this (and other) delayed cases. See Dkt. 20.

The case was reassigned to Judge Scullin on July 18, 2011. Judge Scullin soon acknowledged, at a status conference, that the motions were fully briefed, and took them under submission. See Minute Entry, July 22, 2011.

But again, nothing happened—until Judge Scullin decided to rehear argument, on October 1, 2012. During the argument's course, Judge Scullin acknowledged that individual Petitioners' standing was firmly established, but invited additional submissions regarding SAF's standing. The parties immediately briefed the issue, agreeing that "where at least one plaintiff has standing, a court need not decide whether any other plaintiffs have standing," D.C. Br., Dkt. 39, at 1 (citations omitted), and further apparently agreeing that SAF has

9

associational standing (but disagreeing about organizational standing, which Petitioners submit is irrelevant under the circumstances).

More time passed, and no decision came. The parties continued to file notices of supplemental authority, as the law developed elsewhere. Finally, as the case entered its fifth year, Petitioners moved to expedite the decision on August 9, 2013. Respondents did not oppose.

More than two months have passed since that motion was filed. The district court has neither acknowledged the motion nor resolved the case. The cross-dispositive motions have now entered their fifth year of complete submission. The cross-dispositive motions stood pending before Judge Kennedy for 649 days (October 6, 2009-July 17, 2011). They have stood pending before Judge Scullin for 826 days as of this writing (July 18, 2011-October 21, 2013). There is no decision.

4.    *The Relative Progress of Other Cases*

The district court has resolved innumerable other dispositive motions, in non-priority cases, since October 6, 2009. Of the nine other cases assigned by Chief Justice Roberts to Judge Scullin on July 1,

10

2011: one settled less than a month later, on August 15, 2011;[2] another was quickly reassigned to Judge Lamberth, who resolved it December 6, 2011;[3] three were resolved;[4] and four remain unresolved, including one whose docket reflects no activity since the reassignment.[5]

Petitioners' is not the only federal case seeking vindication of the right to bear arms for self-defense outside the home. Most cases of this nature are inherently more complex, as they involve not the right's flat prohibition, but discretionary licensing schemes or other restrictions on the right calling upon courts to weigh regulatory interests against an acknowledged or assumed right. Several such cases were filed after Petitioners' case, but have already been decided by district and appellate courts, and have seen Supreme Court petitions resolved.

---

[2]*Jordan-Sagastume* v. *Dept. of Homeland Security*, D.D.C. No. 08-CV-77.

[3]*Adams* v. *United States*, D.D.C. No. 10-CV-1646.

[4]*Center for Biological Diversity* v. *EPA*, D.D.C. No. 10-CV-985 (resolved 11/2/2012); *Minnick* v. *Carlile*, D.D.C. No. 10-2109 (resolved 5/28/2013); *Khalid* v. *Citizenship & Immigration Svcs.*, D.D.C. No. 09-CV-96 (resolved 8/31/2011).

[5]*Tolbert-Smith* v. *Bodman*, D.D.C. No. 06-1216; *Webster* v. *Dept. of Justice*, D.D.C. No. 02-CV-603; *Peter B.* v. *Central Intelligence Agency*, D.D.C. No. 06-CV-1652; *Lurensky* v. *Kelliher*, D.D.C. No. 08-CV-1199.

11

The Illinois federal courts supply the best analogy, should this Court need an example of how long a case of this nature should take to resolve—one way or another. Until recently, Illinois maintained the nation's only other total prohibition of the right to bear arms. On May 11 and 13, 2011, two sets of plaintiffs challenged Illinois' prohibition in the Central and Southern District Courts of Illinois, respectively. See *Moore* v. *Madigan*, C.D. Ill. No. 3:11-CV-3134-SEM-BGC; *Shepard* v. *Madigan*, S.D. Ill. No. 3:11-CV-405-WDS-PMF.

Cross-dispositive motions in *Moore* stood fully briefed on August 15, 2011. Cross-dispositive motions in *Shepard* stood fully briefed on September 16, 2011.[6]

The Central District of Illinois required only 172 days to resolve its case, upholding the law on February 3, 2012. *Moore* v. *Madigan*, 842 F. Supp. 2d 1092 (C.D. Ill. 2012). The Southern District of Illinois also upheld the law, requiring only 196 days to do so, with a decision entered March 30, 2012. *Shepard* v. *Madigan*, 862 F. Supp. 2d 774

———————————————

[6]Briefing on *Shepard* defendants' motions to dismiss was completed August 29, 2011. Defendants responded to plaintiffs' summary judgment motion by moving to defer ruling, pursuant to Fed. R. Civ. Proc. 56(d), and that motion stood fully briefed September 16, 2011.

(S.D. Ill. 2012). Both cases were consolidated for appeal, argued, and reversed by the Seventh Circuit December 11, 2012—only 202 days after the reply brief was filed. *Moore* v. *Madigan*, 702 F.3d 933 (7th Cir. 2012).

The following chart thus reflects the amount of time required by different federal courts to decide whether the Second Amendment is violated by a complete prohibition on the carrying of handguns for self-defense:

| | |
|---|---|
| Central Dist. of Illinois | 172 days |
| Southern Dist. of Illinois | 196 days |
| U.S. Ct. of Appeals, Seventh Cir. | 202 days |
| **Dist. Ct. for the Dist. of Columbia** | **1,475 days and counting** |

To place the delay below in greater context, the Seventh Circuit ordered briefing on the *Moore* appellees' petition for rehearing en banc, and denied that petition on February 22, 2013. In its panel opinion, the Seventh Circuit granted the State of Illinois, sua sponte, a remarkable 180-day stay of its mandate to allow sufficient time for the legislature to replace the complete handgun carry prohibition with, if the legislature so wished, an adequate licensing system. The legislature passed a bill on May 31, 2013, the last day of its regular legislative session, but the state's Governor (who had sixty days to sign the

13

measure) did not feel the need to act urgently. Consequently, on June 4, 2013, the Seventh Circuit afforded the state an additional 30 days stay of its mandate. In the meantime, the state twice obtained extensions of time to petition for certiorari, up to the maximum sixty days permitted by Sup. Ct. R. 13.5. See *Madigan* v. *Moore*, No. 12A1053 (U.S. 2013). On July 9, 2013, as the Seventh Circuit's mandate in *Moore* issued, Illinois' legislature overrode the Governor's amendatory veto of its remedial legislation, foreclosing Supreme Court review and thus conclusively ending the dispute in plaintiffs' favor.

## REASONS WHY THE WRIT SHOULD ISSUE

I. In Aid of Its Appellate Jurisdiction, this Court is Empowered to Compel the District Court to Decide Excessively Delayed Cases.

"[S]upervisory control of the District Courts by the Courts of Appeals is necessary to proper judicial administration in the federal system." *La Buy* v. *Howes Leather Co.*, 352 U.S. 249, 259-60 (1957). Accordingly, "[t]he peremptory writ of mandamus has traditionally been used in the federal courts . . . 'to compel [the district court] to exercise its authority when it is its duty to do so." *In re United States*, 598 F.2d 233, 236 (D.C. Cir. 1979) (quoting *Roche* v. *Evaporated Milk Ass'n*, 319 U.S. 21,

26 (1943)). "[I]t is the function of the district judge, in a non-jury civil case, to decide dispositive issues of fact and law genuinely disputed by the parties." *In re Bituminous Coal Operators' Ass'n*, 949 F.2d 1165, 1169 (D.C. Cir. 1991).

"The Supreme Court has long recognized the authority of appellate courts to compel district court action through mandamus." *Telecommunications Research & Action Center* v. *FCC ("TRAC")*, 750 F.2d 70, 76 n.28 (D.C. Cir. 1984) (citing *McClellan* v. *Carland*, 217 U.S. 268 (1910); *Ex Parte Bradstreet*, 32 U.S. (7 Pet.) 634 (1833); *Ex Parte Crane*, 30 U.S. (5 Pet.) 190, 191 (1831)).

> Repeated decisions of this court have established the rule that this court has power to issue a mandamus, in the exercise of its appellate jurisdiction, and that the writ will lie in a proper case to direct a subordinate Federal court to decide a pending cause.

*McLellan*, 217 U.S. at 280 (quoting *Insurance Co.* v. *Comstock*, 83 U.S. (16 Wall.) 258, 270 (1873)).

> There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ in order that [it] may exercise the jurisdiction of review given by law. Otherwise the appellate jurisdiction could be defeated and the purpose of the statute authorizing the writ thwarted by unauthorized action of the district court obstructing the appeal.

15

*Will* v. *Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978) (citations and internal quotation marks omitted); see also *Thermtron Prods.* v. *Hermansdorfer*, 423 U.S. 336, 352 (1976) (same).

The congestion of a district court's docket permits neither abdication of the judicial role, see *Bituminous Coal*, nor otherwise unwarranted delays, see, *e.g.*, *Johnson* v. *Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (collecting cases).

II.    Petitioners Amply Satisfy All Factors Considered In
       Issuing Writs of Mandamus.

Petitioners satisfy all of the ordinary requirements for mandamus relief: (1) Petitioners have a "clear and indisputable" right to the issuance of a writ, *Cheney* v. *U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 381 (2004), because they are entitled to a ruling one way or the other in their case; (2) Petitioners have "no other adequate means to attain the relief" they need, *id.* at 380; and (3) "the writ is appropriate under the circumstances," *id.* at 381.

   A.    Petitioners Are Entitled To Relief Under the
         Supervisory Mandamus Standards.

This Court has adopted the following five-factor test for supervisory mandamus:

16

(1) whether the party seeking the writ has any other adequate means, such as a direct appeal, to attain the desired relief; (2) whether that party will be harmed in a way not correctable on appeal; (3) whether the district court clearly erred or abused its discretion; (4) whether the district court's order is an oft-repeated error; and (5) whether the district court's order raises important and novel problems or issues of law.

*Nat'l Ass'n of Crim. Def. Lawyers* v. *United States DOJ*, 182 F.3d 981, 986 (D.C. Cir. 1999) (citation omitted).

> 1.    *Petitioners Lack Relief on Appeal*

Petitioners have no relief available other than by the writ of mandamus. They have done all that is possible to obtain an opinion from the district court, to no avail.

> 2.    *Petitioners Are Harmed in a Manner Not Correctable on Appeal*

The lower court's failure to decide this case acts as a sort of decision in and of itself. Justice interminably delayed is justice denied. If Petitioners are forbidden from exercising a constitutional right, and the district court never rules on their challenge to that prohibition, the right is lost.

Unlike many of the other cases briefed and decided below since the cross-dispositive motions were completed October 6, 2009, this case implicates a fundamental, enumerated constitutional right whose core

17

purpose is the defense of human life. Second Amendment violations

constitute irreparable harm per se:

> The loss of a First Amendment right is frequently presumed to cause irreparable harm based on "the intangible nature of the benefits flowing from the exercise of those rights; and the fear that, if those rights are not jealously safeguarded, persons will be deterred, even if imperceptibly, from exercising those rights in the future." The Second Amendment protects similarly intangible and unquantifiable interests. *Heller* held that the Amendment's central component is the right to possess firearms for protection. Infringements of this right cannot be compensated by damages.

*Ezell* v. *City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) (citations and

footnote omitted).

### 3.    *The District Court Is Abusing Its Discretion*

The delays in this case would constitute an abuse of discretion in

any case, denying the parties a resolution to which they are plainly

entitled. The abuse of discretion is yet more serious, however, in light

of Congress's instruction that cases seriously implicating the people's

fundamental rights receive priority for resolution.

"It is abundantly clear that Congress intended to give preference on

crowded court dockets to federal questions." *Zukowski* v. *Howard,*

*Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 55 (D. Colo. 1987). And

not all federal questions are equally urgent. Title 28, United States

Code § 1657(a) provides in pertinent part:

> Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

Without question, "good cause" for expedited consideration, as defined by Section 1657(a), exists here. Petitioners' claims plainly implicate a fundamental, enumerated constitutional right. As noted, the only other law that enacted a complete ban on the defensive carrying of handguns was struck down by the Seventh Circuit. *Moore*, *supra*, 702 F.3d 933; see also *Bateman* v. *Perdue*, 881 F. Supp. 2d 709 (E.D.N.C. 2012) (striking down ban on carrying handguns during "state of emergency").

 4. *The Fourth and Fifth Supervisory Mandamus Factors Are Not Implicated*

As no order has issued, and the availability of mandamus to remedy a district court's indecision is clearly established, the fourth and fifth factors are not implicated.

19

B.    Petitioners Are Entitled to Relief Under the
      General Mandamus Standards

Apart from supervisory situations, this circuit employs a six-factor

test, first announced in *TRAC*, to determine whether a writ of

mandamus should issue. While these standards are framed in terms of

writs directed to administrative agencies, this Court's authority "to

issue mandamus to an agency is analogous to its authority to issue the

writ to District Courts." *TRAC*, 750 F.2d at 76 n.28 (citation omitted).

Accordingly, these factors are readily adaptable to, and may be useful

in deciding, petitions questioning a district court's delay. See *In re*

*United States*, 1991 U.S. App. LEXIS 2178, at *5 (D.C. Cir. Feb. 11,

1991).

"The first and most important factor is that 'the time agencies take

to make decisions must be governed by a 'rule of reason.'" *In re Core*

*Communs., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (citation omitted).

"The remaining five are:

> (2) where Congress has provided a timetable or other indication of
> the speed with which it expects the agency to proceed in the enabling
> statute, that statutory scheme may supply content for this rule of
> reason; (3) delays that might be reasonable in the sphere of
> economic regulation are less tolerable when human health and
> welfare are at stake; (4) the court should consider the effect of

20

> expediting delayed action on agency activities of a higher or
> competing priority; (5) the court should also take into account the
> nature and extent of the interests prejudiced by delay; and (6) the
> court need not find any impropriety lurking behind agency lassitude
> in order to hold that agency action is unreasonably delayed."

*Id.* (citations and internal quotation marks omitted). The factors are

not "ironclad," but meant only to serve as guidance. *Id.* (quoting *TRAC*,

750 F.2d at 80). Each of the six *TRAC* factors weighs in favor of

granting Petitioners relief:

> 1.    *Rule of Reason*

The delay in resolving this case is manifestly unreasonable. It is

excessive by district court's normal standards. Petitioners acknowledge

that the case is highly controversial. But whatever a court may think of

the merits, they do not require four years to discern,

Fortunately, little recent precedent exists implicating the sort of

delays here at issue. However, the length of delay this Court tolerates

in agency actions is instructive.

"This court has stated generally that a reasonable time for an

agency decision could encompass 'months, occasionally a year or two,

but not several years or a decade.'" *In re Am. Rivers & Idaho Rivers*

*United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (quoting *MCI*

*Telecommunications Corp.* v. *FCC*, 627 F.2d 322, 340 (D.C. Cir. 1980))
(mandate issued over delay exceeding six years). In *MCI*, this Court
"found a four year delay to be unreasonable." *TRAC*, 750 F.2d at 80
(footnote omitted). In *TRAC*, this Court found a near-five year delay in
reviewing tariffs unreasonable, allowing "allegedly excessive returns to
'become for all practical purposes, the accepted' ones." *Id.* at 80-81. This
Court has also granted mandamus relief following five and six year
delays in resolving matters it had remanded. See *In re Potomac Elec.
Power Co.* v. *ICC*, 702 F.2d 1026 (D.C. Cir. 1983); *Core, supra*, 531 F.3d
849; see also *In re People's Mojahedin Org. of Iran*, 680 F.3d 832 (D.C.
Cir. 2012) (mandamus issued after over 600 day delay in meeting
remand mandate).

> 2.    *Congressional Expectation of Speedy Resolution*

See discussion of 28 U.S.C. § 1657(a), *supra*.

> 3.    *Human Health and Welfare At Stake*

See discussion of irreparable harm, *supra*.

4.    *Effect on Higher or Competing Court Priorities*

The district court has no higher priority than securing the people's fundamental constitutional rights. Respectfully, considering the simplicity of this case, and the long time that it has been pending, any impact on other court business occasioned by the resolution of this case is insufficient to deny Petitioners relief.

5.    *The Nature and Extent of Interests Injured By Delay*

Most immediately, the interests injured by the delay are Petitioners' interests in having the means of self-defense guaranteed them by the Bill of Rights. No less important is the public's interest in knowing that the courts are responsive to serious claims of constitutional injury.

6.    *The Court Need Not Find Any "Lurking Impropriety"*

This factor is less an element for consideration, than a rule foreclosing that element's relevance. Petitioners do not assert "any impropriety lurking behind" the delay. It suffices to assert that the delay warrants mandamus relief.

23

## CONCLUSION

Petitioners are entitled to the district court's opinion—and the parties are entitled to an appeal to this Court.

A writ of mandamus should issue.

Dated: October 21, 2013        Respectfully submitted,

Alan Gura
GURA & POSSESSKY, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/703.997.7665

By:    _____
Alan Gura

*Counsel for Petitioners*

24

ADDENDUM

Certificate as to Parties, Rulings and Related Cases

A.    Parties and Amici

Plaintiffs in the court below are Petitioners Tom G. Palmer, Amy McVey, Edward Raymond, George Lyon, and Second Amendment Foundation, Inc.

Defendants in the court below are the District of Columbia and its Police Chief, Cathy Lanier.

No amici appeared in the court below.

B.    Rulings Under Review

No rulings are under review. The lack of any ruling is under review.

C.    Related Cases

This case has not been before this or any other court, aside from the court below. Petitioners are not aware of any related cases.

Dated: October 21, 2013     Respectfully submitted,
                            Alan Gura
                            GURA & POSSESSKY, PLLC
                            101 N. Columbus Street, Suite 405
                            Alexandria, VA 22314
                            703.835.9085/703.997.7665

              By:    _____
                            Alan Gura

                     *Counsel for Petitioners*

Addendum 1

Corporate Disclosure Statement

Petitioner Second Amendment Foundation, Inc., ("SAF") has no parent corporations. No publicly traded company owns 10% or more of its stock.

SAF, a tax-exempt organization under § 501(c)(3) of the Internal Revenue Code, is a non-profit educational foundation incorporated in 1974 under the laws of the State of Washington. SAF seeks to preserve the effectiveness of the Second Amendment through educational and legal action programs. SAF has over 650,000 members and supporters residing throughout the United States.

Dated: October 21, 2013        Respectfully submitted,
                               Alan Gura
                               GURA & POSSESSKY, PLLC
                               101 N. Columbus Street, Suite 405
                               Alexandria, VA 22314
                               703.835.9085/703.997.7665

                    By:    _____
                               Alan Gura
                               *Counsel for Petitioners*

Addendum 2

TYPE-E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:09-cv-01482-FJS

PALMER et al v. DISTRICT OF COLUMBIA et al

Assigned to: Judge Frederick J. Scullin, Jr

Cause: 42:1983 Civil Rights Act

Date Filed: 08/06/2009

Jury Demand: None

Nature of Suit: 950 Constitutional - State Statute

Jurisdiction: Federal Question

**Plaintiff**

**TOM G. PALMER**

represented by **Alan Gura**
GURA & POSSESSKY, PLLC
101 North Columbus Street
Suite 405
Alexandria, VA 22314
(703) 835-9085
Fax: (703) 997-7665
Email: alan@gurapossessky.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GEORGE LYON**

represented by **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EDWARD RAYMOND**

represented by **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMY MCVEY**

represented by **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SECOND AMENDMENT FOUNDATION, INC.**

represented by **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Addendum 3

**DISTRICT OF COLUMBIA**

represented by **Andrew J. Saindon**
D.C. OFFICE OF ATTORNEY
GENERAL
441 4th Street, NW
Sixth Floor South
Washington, DC 20001-2714
(202) 724-6643
Fax: (202) 730-1470
Email: andy.saindon@dc.gov
*LEAD ATTORNEY*

**Defendant**

**CATHY L. LANIER**

represented by **Andrew J. Saindon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2009 | 1 | COMPLAINT against DISTRICT OF COLUMBIA, CATHY LANIER ( Filing fee $ 350, receipt number 4616022974) filed by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC. (Additional attachment(s) added on 8/11/2009: # 3 Complaint: # 4 Civil Cover Sheet) (ks, ). Modified on 8/11/2009 (ks). (Entered: 08/07/2009) |
| 08/06/2009 | 2 | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SECOND AMENDMENT FOUNDATION, INC. (ks) (Entered: 08/07/2009) |
| 08/07/2009 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DISTRICT OF COLUMBIA served on 8/6/2009, answer due 8/26/2009; CATHY LANIER served on 8/6/2009, answer due 8/26/2009 (Gura, Alan) (Entered: 08/07/2009) |
| 08/07/2009 | | Summons (3) Issued as to CATHY LANIER DISTRICT OF COLUMBIA., SUMMONS Issued as to CATHY LANIER, Andrian Fenty and U.S. Attorney General (ks) (Entered: 08/07/2009) |
| 08/18/2009 | 4 | Consent MOTION for Extension of Time to Respond to the 1 COMPLAINT against DISTRICT OF COLUMBIA, CATHY LANIER by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) Modified on 8/18/2009 to correct docket text and add correct linkage (tr). (Entered: 08/18/2009) |
| 08/18/2009 | | MINUTE ORDER granting 4 Consent Motion to Enlarge Time to Respond. Accordingly, defendants' response to the complaint is due on or before September 9, 2009. Signed by Judge Henry H. Kennedy, Jr. on August 18, 2009. (lchhk1) (Entered: 08/18/2009) |
| 08/19/2009 | | Set Deadlines: Answer due by 9/9/2009. (tj) (Entered: 08/19/2009) |
| 08/26/2009 | 5 | MOTION for Summary Judgment by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Statement of Facts, # 4 Declaration of Tom G. Palmer, # 5 Declaration of George Lyon, # 6 Declaration of Edward Raymond, # 7 Declaration of Amy McVey, # 8 Declaration of Alan Gottlieb, # 9 Exhibit A, # 10 Exhibit B, # 11 Exhibit C, # 12 Exhibit D)(Gura, Alan) (Entered: 08/26/2009) |

| 09/09/2009 | 6 | MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Statement of Facts, # 2 Exhibit Opposition to PSMF, # 3 Text of Proposed Order) (Saindon, Andrew) (Entered: 09/09/2009) |
| 09/09/2009 | 7 | NOTICE *that Defendants' Motion for Summary Judgment also serves as their Opposition to Plaintiffs' Motion for Summary Judgment* by DISTRICT OF COLUMBIA, CATHY LANIER (Saindon, Andrew) (Entered: 09/09/2009) |
| 09/09/2009 | 8 | Memorandum in opposition to re 5 MOTION for Summary Judgment filed by DISTRICT OF COLUMBIA. (tr)(See Docket Entry 6 to·view document. Counsel is reminded to docket all parts of the pleading in future filings.) (Entered: 09/10/2009) |
| 09/11/2009 | | NOTICE of Hearing on 6 MOTION for Summary Judgment *and 5 MOTION for Summary Judgment : Motion Hearing set for 1/22/2010 @ 2:00 PM in Courtroom 27A before Judge Henry H. Kennedy. *Note: Parties will be allowed 20 minutes per side for oral argument*(tj) (Entered: 09/11/2009)* |
| 09/23/2009 | 9 | Memorandum in opposition to re 6 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: # 1 Statement of Facts in dispute, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G)(Gura, Alan) (Entered: 09/23/2009) |
| 09/23/2009 | 10 | REPLY to opposition to motion re 5 MOTION for Summary Judgment filed by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC. (tr)(See Docket Entry 9 to view document. Counsel is reminded to docket all parts of the pleading in future filings.) (Entered: 09/24/2009) |
| 09/30/2009 | 11 | Consent MOTION for Extension of Time to File Response/Reply by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) (Entered: 09/30/2009) |
| 10/01/2009 | | MINUTE ORDER granting 11 Consent Motion for Extension of Time to Reply. Accordingly, defendants' reply in support of its motion for summary judgment is due on October 7, 2009. Signed by Judge Henry H. Kennedy, Jr. on October 1, 2009. (NP) (Entered: 10/01/2009) |
| 10/06/2009 | 12 | REPLY to opposition to motion re 6 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 10/06/2009) |
| 01/15/2010 | 13 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A)(Gura, Alan) (Entered: 01/15/2010) |
| 01/22/2010 | | Minute Entry for proceedings held before Judge Henry H. Kennedy: Motion Hearing held on 1/22/2010 re MOTION for Summary Judgment. Oral argument held and the court takes its decision under advisement. (Court Reporter: Annie Shaw.) (tj) (Entered: 01/22/2010) |
| 01/29/2010 | 14 | RESPONSE re 13 NOTICE OF SUPPLEMENTAL AUTHORITY *and Additional Briefing* filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 01/29/2010) |
| 02/05/2010 | 15 | |

|  |  | REPLY re <u>14</u> Response to Document *Unauthorized Supplemental Brief* filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 02/05/2010) |
|---|---|---|
| 03/26/2010 | <u>16</u> | ENTERED IN ERROR.....NOTICE *of decision in Heller v. District of Columbia, No. 08-1289 (RMU)* by DISTRICT OF COLUMBIA, CATHY LANIER (Saindon, Andrew) Modified on 3/26/2010 (zjf, ). (Entered: 03/26/2010) |
| 03/26/2010 |  | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re <u>16</u> Notice (Other) was entered in error at the request of counsel and will be refiled with corrected document. (zjf, ) (Entered: 03/26/2010) |
| 03/26/2010 | <u>17</u> | NOTICE *of decision in Heller v. District of Columbia, No. 08-1289 (RMU)* by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # <u>1</u> Exhibit Memorandum Opinion, # <u>2</u> Exhibit Order)(Saindon, Andrew) (Entered: 03/26/2010) |
| 03/29/2010 | <u>18</u> | NOTICE *response to notice of decision* by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. re <u>17</u> Notice (Other) (Gura, Alan) (Entered: 03/29/2010) |
| 07/14/2010 | <u>19</u> | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # <u>1</u> Exhibit A: McDonald v. City of Chicago)(Gura, Alan) (Entered: 07/14/2010) |
| 07/18/2011 | <u>20</u> | ORDER by Chief Justice of the United States Supreme Court directing the designation and assignment of a United States District Judge for service in another circuit; assigning Judge Frederick J. Scullin, Jr. of the U.S. District Court for the Northern District of New York to the following cases: 10cv1646,08cv1199,09cv1482,10cv985,10cv2109,09cv96,06cv1216,02cv603,08cv77,and 06cv1652. (Signed by Chief Justice John D. Roberts on 7/1/11) (Entered: 07/18/2011) |
| 07/18/2011 | <u>21</u> | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Gura, Alan) (Entered: 07/18/2011) |
| 07/18/2011 |  | TEXT SCHEDULING NOTICE: In Person Status Conference set for 7/22/2011 10:00 AM in Chambers 6333 before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 07/18/2011) |
| 07/18/2011 | <u>22</u> | Case Reassigned to Judge Frederick J. Scullin, Jr. Judge Henry H. Kennedy no longer assigned to the case. (jeb, ) (Entered: 07/18/2011) |
| 07/20/2011 | <u>23</u> | RESPONSE re <u>21</u> NOTICE OF SUPPLEMENTAL AUTHORITY filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 07/20/2011) |
| 07/22/2011 |  | Minute Entry for proceedings held before Judge Frederick J. Scullin, Jr: In Person Status Conference held on 7/22/2011. Counsel meets in chambers to discuss status of pending motion which is fully briefed. The Court decides to take the motion on submission. APP: Alan Gura, Esq. for Pltf; Andrew Saindon, AAG. LC: DEM. (Scullin, Frederick) (Entered: 07/25/2011) |
| 09/12/2011 | <u>24</u> | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # <u>1</u> Exhibit Kachalsky v Cacace)(Saindon, Andrew) (Entered: 09/12/2011) |
| 09/14/2011 | <u>25</u> | RESPONSE *to Defendants' Supplemental Authority* by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT |

| | | |
|---|---|---|
| | | FOUNDATION, INC. re 24 NOTICE OF SUPPLEMENTAL AUTHORITY (Gura, Alan) Modified on 9/15/2011 to edit event used (dr). (Entered: 09/14/2011) |
| 10/06/2011 | 26 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Gura, Alan) (Entered: 10/06/2011) |
| 02/06/2012 | 27 | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Exhibit Moore v Madigan)(Saindon, Andrew) (Entered: 02/06/2012) |
| 03/07/2012 | 28 | RESPONSE to Defendants' Supplemental Authority by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. re 27 NOTICE OF SUPPLEMENTAL AUTHORITY (Gura, Alan) Modified on 3/9/2012 to edit event and text (dr). (Entered: 03/08/2012) |
| 03/08/2012 | 29 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Woollard v. Sheridan, # 2 Exhibit B: US v. Weaver)(Gura, Alan) (Entered: 03/08/2012) |
| 03/16/2012 | 30 | RESPONSE re 29 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 03/16/2012) |
| 03/29/2012 | 31 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Bateman v. Perdue)(Gura, Alan) (Entered: 03/29/2012) |
| 04/04/2012 | 32 | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Exhibit Shepard v Madigan (S.D. Ill. Mar. 30, 2012))(Saindon, Andrew) (Entered: 04/04/2012) |
| 05/24/2012 | 33 | SUPPLEMENTAL MEMORANDUM to re 6 MOTION for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Attachments: # 1 Exhibit Illinois Brief, Moore v. Madigan (7th Cir.), # 2 Exhibit Chicago Brief, # 3 Exhibit Brady Center Brief)(Saindon, Andrew) (Entered: 05/24/2012) |
| 05/24/2012 | 34 | MOTION to Strike 33 Supplemental Memorandum, by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, Plaintiffs' Br., Moore v. Madigan, 7th Cir. 12-1269, # 3 Exhibit B, Plaintiffs' Br., Shepard v. Madigan, 7th Cir. No. 12-1788, # 4 Exhibit C, NRA Amicus Br., Shepard v. Madigan, 7th Cir. 12-1788, # 5 Exhibit D, Reply Br., Moore v. Madigan, 7th Cir. No. 12-1269, # 6 Exhibit E, Reply Br., Shepard v. Madigan, 7th Cir. No. 12-1788)(Gura, Alan) (Entered: 05/24/2012) |
| 05/29/2012 | 35 | Memorandum in opposition to re 34 MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) (Entered: 05/29/2012) |
| 05/29/2012 | 36 | REPLY to opposition to motion re 34 MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 05/29/2012) |

| 06/11/2012 | 37 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: US v. Garvin)(Gura, Alan) (Entered: 06/11/2012) |
|---|---|---|
| 07/23/2012 | | MOTION SCHEDULING NOTICE as to 6 MOTION for Summary Judgment ; 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum,. Motion Hearing set for 8/27/2012 10:00 AM in a courtroom to be determined at a later date before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 07/23/2012) |
| 07/25/2012 | | RESCHEDULING NOTICE TIME CHANGE ONLY re: 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Motion Hearing remains set for 8/27/2012 and the time is changed to 03:30 PM before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 07/25/2012) |
| 08/16/2012 | | MOTION RESCHEDULING NOTICE as to 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Due to a change in the Court's calendar the Motion Argument set 8/27/2012 is reset for 8/29/2012 10:00 AM before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 08/16/2012) |
| 08/20/2012 | | TEXT SCHEDULING NOTICE CANCELLING ORAL ARGUMENT for 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Motion Argument set for 8/29/2012 before Judge Frederick J. Scullin Jr. is adjourned without date due to a conflict in the Court's calendar. Counsel will be notified when future dates become available. The motion remains on submit. (Scullin, Frederick) (Entered: 08/20/2012) |
| 08/30/2012 | | MOTION RESCHEDULING NOTICE as to 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Motion Argument reset for 10/1/2012 10:30 AM before Judge Frederick J. Scullin Jr. at the US Courthouse in Washington, DC. Courtroom location to be announced at a later date. (Scullin, Frederick) (Entered: 08/30/2012) |
| 09/19/2012 | | Courtroom Designation for October 1, 2012. All counsel please report to Courtroom 17. (Scullin, Frederick) (Entered: 09/19/2012) |
| 10/01/2012 | | Minute Entry; Proceedings held before Judge Frederick J. Scullin, Jr: Motion Hearing held on 10/1/2012. Taken Under Advisement: 5 MOTION for Summary Judgment filed by SECOND AMENDMENT FOUNDATION, INC., GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, 6 Cross-MOTION for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment filed by DISTRICT OF COLUMBIA, CATHY LANIER, 34 MOTION to Strike 33 Supplemental Memorandum, filed by SECOND AMENDMENT FOUNDATION, INC., GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, (Court Reporter Patricia Kaneshiro-Miller.) (hs) (Entered: 10/01/2012) |
| 10/01/2012 | 38 | SUPPLEMENTAL MEMORANDUM to re 5 MOTION for Summary Judgment filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 10/01/2012) |
| 10/04/2012 | 39 | RESPONSE re 38 Supplemental Memorandum filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 10/04/2012) |
| 10/04/2012 | 40 | REPLY to 39 Defendants' Response re standing filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 10/04/2012) |

| 10/26/2012 | | Courtroom Designation for November 1, 2012 10:30am. All counsel please report to Courtroom #17. (Scullin, Frederick) (Entered: 10/26/2012) |
| 10/26/2012 | | NOTICE TO COUNSEL: Please disregard courtroom designation notice. Notice was entered in error. (Scullin, Frederick) (Entered: 10/26/2012) |
| 12/04/2012 | 41 | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY L. LANIER (Saindon, Andrew) (Entered: 12/04/2012) |
| 12/05/2012 | 42 | MEMORANDUM re 41 NOTICE OF SUPPLEMENTAL AUTHORITY filed by CATHY L. LANIER, DISTRICT OF COLUMBIA by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 12/05/2012) |
| 12/11/2012 | 43 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Moore v. Madigan)(Gura, Alan) (Entered: 12/11/2012) |
| 08/09/2013 | 44 | MOTION to Expedite by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Memorandum in Support)(Gura, Alan) (Entered: 08/09/2013) |
| 09/12/2013 | 45 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: People v. Aguilar, 2013 IL 112116) (Gura, Alan) (Entered: 09/12/2013) |
| 09/26/2013 | 46 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Conley v. U.S., D.C. Ct. of Appeals No. 11-CF-589)(Gura, Alan) (Entered: 09/26/2013) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 10/21/2013 11:26:52 . | | |
| **PACER Login:** | ag0494 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:09-cv-01482-FJS |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

## CERTIFICATE OF SERVICE

I certify that on this 21st day of October, 2013, I served the trial

court and Respondents' counsel by personal delivery to:

    The Hon. Frederick J. Scullin, Jr.
    United States District Court
    333 Constitution Avenue, N.W.
    Washington, DC 20001


    Ellen Efros
    Grace Graham
    Andrew Saindon
    Office of the Attorney General
    441 Fourth Street, N.W., Sixth Fl. South
    Washington, DC 20001

I declare under penalty of perjury that the foregoing is true and

correct.

Executed this the 21st day of October, 2013.

                        _____

                        Alan Gura
                        Counsel for Petitioners