No. 13-5317

# In the United States Court of Appeals for the District of Columbia Circuit

IN RE TOM G. PALMER, AMY MCVEY, EDWARD RAYMOND, GEORGE LYON, AND SECOND AMENDMENT FOUNDATION, INC.,

Petitioners.

On Petition for a Writ of Mandamus to the
United States District Court for the District of Columbia

## RENEWAL OF PETITION FOR A WRIT OF MANDAMUS

Alan Gura
GURA & POSSESSKY, PLLC
105 Oronoco Street
Suite 305
Alexandria, VA 22314
703.835.9085/703.997.7665

May 6, 2014

*Counsel for Petitioners*

# RENEWAL OF PETITION FOR WRIT OF MANDAMUS

## RELIEF SOUGHT

Pursuant to 28 U.S.C. § 1651, and to this Court's order of December 16, 2013, Tom G. Palmer, Amy McVey, George Lyon, Edward Raymond, and Second Amendment Foundation, Inc. ("SAF") respectfully renew their petition to this Court seeking a writ of mandamus in aid of the Court's appellate jurisdiction, directing the United States District Court for the District of Columbia to decide the cross-dispositive motions **pending since October 6, 2009** in Petitioners' case below, *Palmer* v. *District of Columbia*, No. 09-1482.

## ARGUMENT

Nearly six months ago, this Court denied the original petition for mandamus "without prejudice to renewal," on the theory that "the district court's delay in ruling on the pending cross-motions for summary judgment is [not] so egregious or unreasonable as to warrant the extraordinary remedy of mandamus at this time." Order, Dec. 16, 2013.

Petitioners disagree that the delay in this case, on December 16, 2013, was not egregious or unreasonable. The delay was both, and

1

extended deep beyond this Court's normal threshold for mandamus relief. *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) ("[t]his court has stated generally that a reasonable time for an agency decision could encompass 'months, occasionally a year or two, but not several years or a decade.'") (quoting *MCI Telecommunications Corp.* v. *FCC*, 627 F.2d 322, 340 (D.C. Cir. 1980)) (other quotation omitted).

But that was then. Over six months having passed since the petition's filing, the delay's persistence is positively unconscionable. In seeking mandamus, Petitioners stressed "the public's interest in knowing that the courts are responsive to serious claims of constitutional injury." Pet. 23. This delay is not escaping the public's attention.

As Petitioners noted, they need not establish that impropriety underlies the district court's failure to decide this case, *id.*, although Petitioners suppose that had the district court thought that their rights are being violated, it would have acted long ago. For their part, courts have an interest in avoiding an appearance of impropriety. Judging by the public response to the delay, that interest is implicated here.

2

Many people fervently believe that the District of Columbia is denying them a dearly-cherished fundamental constitutional right, to the detriment of their physical safety and that of their loved ones. Cases involving this issue have been decided *through the appellate level*—sometimes in favor of individual claimants—in far less time than that which the district court below has sat on this case. See, *e.g.*, *Peruta* v. *County of San Diego*, 742 F.3d 1144 (9th Cir. 2014); *Moore* v. *Madigan*, 702 F.3d 933 (7th Cir. 2012).

It thus appears difficult for commentators to shake the suspicion that the delay—extending well-beyond normal for *any* kind of case, let alone a factually undisputed priority civil rights case—is calculated. "Dragging out the case . . . appears to be a deliberate attempt by lower courts to leave intact this infringement on a fundamental right." Emily Miller, *Justice delayed is justice denied - Appeal for decision on D.C.'s gun carry-rights ban*, Washington Times, Oct. 23, 2013, available at http://www.washingtontimes.com/news/2013/oct/23/miller-justice-delayed-justice-denied-appeal-decis/ (last visited May 5, 2014).

> Judge Scullin . . . apparently has no desire to rule on what would obviously be another high-profile case involving that inconvenient, "embarrassing" Second Amendment.

3

> But the implications of this delay go well beyond the Second Amendment. What does the inability to reach a ruling in *Palmer v. District of Columbia* mean for the right to access the courts? If the government prosecutes someone for violating a challenged law, they don't wait four years in incarcerating you. What are civil rights lawyers supposed to tell their client? That federal courts don't think that certain claims are important enough to even bother ruling on?
>
> This is a significant constitutional issue involving an outright ban of an enumerated right. * * * [T]his is a black eye on the judiciary. Judges dismiss meritless lawsuits all the time, so the only conclusion we can draw here is that the district court knows that there's no way to square D.C.'s law with the Constitution but doesn't want to say so.

Ilya Shapiro, *Justice Delayed Is Justice Denied*, Cato At Liberty, Dec. 18, 2013, available at http://www.cato.org/blog/four-years-too-long-wait-ruling-constitutional-claim (last visited May 5, 2014).

> Adds Prof. Blackman,
>
> Four years is "egregious." It is "unreasonable." There is absolutely no reason why such an important constitutional decision is still pending. This is a significant constitutional issue, the resolution of which could create a Circuit Split, and lead to Supreme Court review. This is embarrassing. I hope this is the magnum opus of Second Amendment opinions, because with all this time to work on it, it better be.

Josh Blackman, *D.C. Circuit Denies Mandamus Petition in 2nd Amendment Case Pending Since 2009*, Dec. 18, 2013, available at http://joshblackman.com/blog/2013/12/18/d-c-circuit-denies-mandamus-

4

petition-in-2nd-amendment-case-pending-since-2009/ (last visited May 5, 2014).

These are difficult words to read about the handling of a case in our judicial system, but under the circumstances, they are predictable. How long must Petitioners wait for a decision here? Another six months? Another year? "Four more years" is the maximum that voters may constitutionally give a sitting President, not what individuals should endure in seeking relief from a violation of their fundamental rights.

Petitioners should not, echoing *Jarndyce v. Jarndyce*, wait a lifetime seeking vindication of a right meant to defend their lives. Would a four and a half year delay be tolerated in the context of any other fundamental right? Had Petitioners challenged an abortion ban, would this Court accept the district court's failure to decide the case for four and a half years? If not, why should that delay be tolerated here?

Petitioners' fundamental constitutional rights are being violated. The city denies Petitioners' Second Amendment rights, and the district court denies their rights to due process and to access the courts—this Court and, if need be, the Supreme Court. The writ of mandamus exists to remedy the latter violation.

5

## CONCLUSION

Petitioners have paid their filing fee. They have followed all the relevant deadlines and done what they are supposed to do. They—and the public—are *entitled* to a decision in this case. And it is fundamentally unfair to ask that they continue waiting for that decision in the absence of a writ of mandamus.

The writ should issue.

Dated: May 6, 2014            Respectfully submitted,

                                      Alan Gura
                                      GURA & POSSESSKY, PLLC
                                      105 Oronoco Street, Suite 305
                                      Alexandria, VA 22314
                                      703.835.9085/703.997.7665

                      By:   /s/ Alan Gura
                                      Alan Gura

                                      *Counsel for Petitioners*

# CERTIFICATE OF SERVICE

I certify that on this 6th day of May, 2014, I served opposing counsel by filing this document via CM/ECF.

I also served the trial court via United States Mail, first class postage, addressed to:

The Hon. Frederick J. Scullin, Jr.
United States District Court
333 Constitution Avenue, N.W.
Washington, DC 20001

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 6th day of May, 2014.

                                                /s/ Alan Gura
                                                Alan Gura
                                                Counsel for Petitioners